IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

CLERK'S OFFICE U.S. DIST COURT
AT LYNCHBURG, VA
FILED for Charlottesville
APR 17 2006
JOHN F. CORCORAN, CLERK
BY: Fay Coleman
DEPUTY CLERK

ROY M. TERRY, JR., ET AL.,

    *Plaintiffs,*

v.

VIRGINIA M. JUNE, guardian for
ROBERT F. JUNE, SR.,

    *Defendant.*

CIVIL ACTION NO. 3:03-CV-00052

OPINION AND ORDER

JUDGE NORMAN K. MOON

This matter comes before the Court on Defendant's March 9, 2006 motion for amendment of this Court's of February 27, 2006, to correct an error of law, and alternative motion to modify the court's to include the findings necessary for certification for interlocutory appeal. The Receiver filed an objection on March 17, 2006.

On February 27, 2006, the Court issued an opinion holding that (1) Virginia's choice of law rules apply to the Receiver's fraudulent conveyance claims[1]; (2) a fraudulent conveyance claim is most properly characterized as sounding in tort for choice of law purposes, and therefore the governing law is the law of the "place of the wrong," i.e. where the last event necessary to complete the fraudulent conveyance occurred[2]; and (3) the last event necessary is the place where

---

[1] *Terry v. June,* __F. Supp. 2d __, 2006 WL 482522, *8 (W.D. Va. 2006)

[2] *Id.* at *8-*9. *See Falos v. Tool America Inc.*, 27 Va. Cir. 386, Not Reported in S.E.2d, 1992 WL 884650 (Va. Cir. Ct. 1992) ("The 'place of the wrong' has generally been defined as the state where the last event necessary to create liability for an alleged tort takes place.").

1

the transfer is completed[3]; and (4) under the Virginia law of funds transfers, a transfer made by wire is deemed completed in the jurisdiction where the receiving bank is located, and a transfer made by check is deemed completed in the jurisdiction where the drawee bank is located.[4]

## DISCUSSION

1. Motion to Amend

A motion for reconsideration of an interlocutory order or judgment is not subject to the provisions or strictures of Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure, which apply only to final judgments and orders, "but is left within the plenary power of the Court that rendered [the order] to afford such relief . . . as justice requires." *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472-73 (4th Cir. 1991) (citing 7 Moore's Federal Practice, ¶ 60.20, p. 60-170).

Citing an unpublished Fourth Circuit decision involving application of "the last event necessary" rule in a common law fraud case, in which the court held that the place of the wrong is where "reasonable reliance on the false representation which causes injury" occurs,[5] Defendant asks the Court to reconsider its choice of law decision by analogizing that the place of the wrong in a fraudulent conveyance case must be where the debtor's estate was diminished as a result of the transfer.

---

[3] *Id.* at *9.

[4] *Id.* at *10. *See* Va. Code §§ 8.4A-104(a), 8.3A-408; *Woo v. Smart*, 442 S.E.2d 690, 693 (Va. 1994). The issue of how to apply Virginia choice of law principles in a fraudulent conveyance action is one of first impression.

[5] *Jordan v. Shaw Industries, Inc.*, 131 F.3d 134, 1997 WL 734029, *3 (4th Cir. 1997) (unpublished disposition). The Fourth Circuit applied North Carolina choice of law rules applicable to tort actions, which are substantively identical to those of Virginia.

2

Because the elements and nature of common law fraud and fraudulent conveyance actions clearly differ, *Jordan* is simply inapposite and in no way undermines the Court's decision. In *Jordan*, the Fourth Circuit cited the elements of common law fraud:

> (1) a false representation of a past or existing fact; (2) made with knowledge that the representation was false when made or made recklessly without any knowledge of its truth; (3) with the intent that it be relied on by the plaintiff; and (4) which caused injury to the plaintiff through his reasonable reliance on the false representation.

*Jordan* at *3. Thus, even if a knowing or reckless false statement is made with intent that the listener rely on it, this conduct is not actionable without the listener's actual detrimental reliance.

The elements of a fraudulent conveyance claim are not neatly enumerated in any decision, most likely because it is action in equity, and so must be gleaned from the governing statute and relevant caselaw. Section 55-80 of the Virginia Code provides:

> Every gift, conveyance, assignment or transfer of, or charge upon, any estate, real or personal, every suit commenced or decree, judgment or execution suffered or obtained and every bond or other writing given with intent to delay, hinder or defraud creditors, purchasers or other persons of or from what they are or may be lawfully entitled to shall, as to such creditors, purchasers or other persons, their representatives or assigns, be void.

"To maintain an action under this statute, the entitlement of one alleging a fraudulent conveyance need not be judicially established or reduced to judgment at the time of the challenged conveyance." *Buchanan v. Buchanan*, 585 S.E.2d 533, 535 (Va. 2003) (finding that a wife was an "other person" who "may be lawfully entitled" to a constructive trust on transferee funds, even though the husband-transferor had not yet filed for divorce and her right to equitable distribution had not yet been established at the time of the challenged transfer). It bears emphasizing that the statute confers standing not just to creditors, but to "persons" who "may" at some point in the future be deprived, or merely hindered or delayed, in recovering property to which "they are or

may be lawfully entitled." Nothing in the statute requires detrimental reliance or even present loss or injury to the prospective plaintiff, and thus *Jordan* is inapposite.

Perhaps realizing this fact, Defendant instead asks the Court to view the diminution of the transferor's estate as the analogue to detrimental reliance. However, adopting this argument would be inconsistent with the rationale of the Court—supported by abundant authority—finding that a fraudulent conveyance is best characterized as tortious in nature:

> Fraudulent conveyance goes beyond questions of property law since such a conveyance is "valid between the parties, and in fact as to the whole world, except those within the protection of the statutes." *Catron v. Bostic*, 123 Va. 355, 371, 96 S.E. 845 (1918) (quoting 3 Am. St. Rep. 717, 727-745). Such a conveyance, in fact, is valid even as to creditors until they seek protection provided by law. *Id.* The purpose of a fraudulent conveyance claim is not to determine whether the transfer was void *ab initio*, but rather it is to determine whether the debtor's actions amounted to a fraud on a creditor, allowing him to recover property notwithstanding its transfer. See *id.* This focus on the improper and fraudulent character of the debtor's conduct and the injury caused to his creditors places these claims most appropriately in tort law.

*Terry* at *8. The Court's tort characterization of fraudulent transfer actions is not challenged by Defendant. Rather, Defendant asks the Court to focus on the *effect* of the transfer—the diminution of the transferor's estate—rather than completion of the tortious transfer itself, as the "last event necessary." However, the two are really two sides of the same coin, in that diminution of the transferor's estate is simultaneous to and a necessary consequence of a completed transfer. Defendant has cited no authority or logic undermining the Court's focus on the completed transfer, which is more faithful to the language of Va. Code §55-80 as well as Court's own emphasis on the debtor's conduct in characterizing fraudulent transfer claims as tortious. In short, Defendant has failed to demonstrate that "justice requires" amendment of the Court's choice of law decision.

4

2. Motion to Certify for Interlocutory Appeal

Defendant also asks the Court to modify its decision to make the findings necessary for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). For all of the reasons stated in Judge Michael's well-reasoned Memorandum Opinion and Order of April 5, 2005, which involved an identical request by Defendant, the Court declines to make the requested amendment.

Accordingly, Defendant's motion is DENIED in full.

It is so ORDERED.

The Clerk of the Court is directed to send a certified copy of this Opinion and Order to all counsel of record.

ENTERED: *[signature]*
U.S. District Judge

Date: April 17, 2006