# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION



| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff,*<br><br>v.<br><br>TERRY L. DOWDELL, *et al.*,<br><br>*Defendant.* | CIVIL ACTION NO. 3:01-CV-00116<br><br>OPINION AND ORDER<br><br>JUDGE NORMAN K. MOON |
| ROY M. TERRY, JR.,<br>and<br>DURRETTE BRADSHAW PLC,<br>RECEIVER FOR: TERRY L. DOWDELL *ET AL.*.,<br><br>*Receiver,*<br><br>v.<br><br>VIRGINIA M. JUNE, guardian for<br>ROBERT F. JUNE, SR.,<br><br>*Defendant.* | CIVIL ACTION NO. 3:03-CV-00052 |

This matter is before the Court on the Receiver's November 27, 2006 Motion for an Order to Show Cause and Virginia June's November 28, 2008 Motion To Dismiss the Motion to Show Cause. The Receiver contends that this Court's asset freeze order of November 19, 2001 (entered in SEC v. Dowdell) was violated by Robert F. June, Jr., and that contempt should lie against Robert F. June, Sr., who is allegedly currently in possession of assets transferred in violation of the order. The Court finds that RFJ, Sr. is not subject to the asset freeze order and therefore cannot have violated it. The Receiver's motion is DENIED. Defendant June's motion

is GRANTED.

## BACKGROUND

This case has a long and complicated factual history, some of which remains in dispute. For the purposes of this motion, the Court will accept the Receiver's assertions as correct and draw all inferences in his favor. The salient facts then are as follows: Terry Dowdell organized and perpetrated a large Ponzi scheme, successfully defrauding investors around the world out of millions of dollars. The SEC eventually intervened, and on November 19, 2001, this Court entered an order freezing the assets of various people and corporations associated with the fraud, including Terry Dowdell and the Vavasseur Corporation. Neither Robert F. June Jr. or Sr. were subject to these orders. However, RFJ Jr. was an employee, friend, and confidante of Dowdell, and was informed of the asset freeze order by Dowdell, making him bound by it. After being so informed, RFJ Jr. took money from accounts belonging to Vavasseur, and thus subject to the freeze order, and transferred it to his father, RFJ Sr., through a series of intermediate accounts. This activity was carefully traced by the Receiver in his motion. The Court will presume, for the purpose of this motion, that this activity actually violated the freeze order, and that the Receiver's tracing of the money is factually and legally correct.

Although he does not use the word, what the Receiver ultimately seeks is a finding of contempt against RFJ Sr. and an order that he restore the funds taken in violation of the freeze order to the Receiver for distribution to defrauded investors. The Receiver has been careful to note that this is a show-cause motion in the case of SEC v. Dowdell, and does not arise Terry v. June. The fact that the motion was filed in that case was only out of an "abundance of caution," not because such a filing was legally necessary. Obj. of Rec. to Mot. (docket # 210).

Virginia June, Guardian for RFJ Sr., objects on multiple grounds to the very issuance of a

show-cause order. She alleges that the Receiver has slept on his rights, and is thus not entitled to the equitable remedy of disgorgement. She characterizes the show-cause motion as an amendment to the Receiver's complaint in Terry v. June, and rightly asserts that such an amendment is untimely. She also challenges the ability of the Court to enter an order directed to her captioned with "SEC v. Dowdell," given that neither the Guardian nor RFJ Sr. are parties to that case. She doubts the propriety of a finding of contempt when he does not appear to be subject to the asset freeze order, and thus to have had the ability to violate it. Finally, she notes that any actions violating the order were undertaken by RFJ Sr.'s son, RFJ Jr., and thus contempt should lie against the younger Robert June if against anyone at all.

Because of the unusual nature of the Receiver's motion, the large amount of money at stake, and the potential to short-circuit the Terry v. June case, now entering its fourth year, a hearing was held on December 21, 2006, to determine whether a show-cause order should issue.

## DISCUSSION

Between the two above captioned cases there are nearly 900 docket entries. The Court has reviewed filings which discuss radio programs from Hoover's presidency as well as the appearance of insect eyes under magnification. Today, the Court goes back to basics. Federal Rule of Civil Procedure 65 governs injunctions; section (d) of that rule explains that such orders bind only "the parties to the action, their officers, agents, servants, employees, and attorneys, and...those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." Other parties are not bound and therefore cannot be held in contempt.

This Rule makes disposal of this question easy and straightforward. RFJ Sr. is not a party to the SEC v. Dowdell case, in which the freeze order was entered. There is no asset freeze order

in Terry v. June. The Receiver does not assert in his motion that RFJ Sr. was in "active concert" with anyone who might have been subject to the freeze order, or that he ever received notice of the order. The whole of the allegation is that RFJ Sr. is in possession of funds which *someone else* moved in violation of the freeze order. The Court need not, and does not, decide if RFJ Jr. was subject to the order or if his actions violated it. Even if they did, RFJ Sr. could not be held in contempt for his son's actions any more than the banks through which the funds passed could.

The Receiver's admission that this show cause motion was filed in Terry v. June out of an abundance of caution and a desire to give notice (Rec. Obj. to Mot., docket # 210) is telling. There is no legal reason to file the motion in Terry v. June, as there is no allegation of any violation of a court order made in that case. Indeed, the filing of a motion which has application only in one case on the docket of an different case appears to be irrelevant and improper. Yet if the motion had been filed and the show-cause order entered only in SEC v. Dowdell, the Guardian would not have gotten notice of its pendency and could not have objected. That is patently unfair, and it is the precise reason why injunctions bind only the limited group of people listed in Rule 65.

RFJ Sr. and the Guardian have been served and brought under the jurisdiction of this court only in the context of Terry v. June, 3:03CV00052. They are charged with notice of all orders, injunctions, motions, and other activity only in that case. The goings-on in cases to in which they have not been properly joined and served do not and cannot concern them. The Receiver could have joined RFJ Sr. as a so-called "nominal defendant" to the main SEC case, but chose instead to pursue separate litigation which is still pending. That case is the only route by which the Receiver can get relief.

## CONCLUSION

The Motion to Dismiss the Motion to Show Cause is GRANTED. The Motion for an Order to Show Cause is DENIED.

It is so ORDERED.

The Clerk of the Court is directed to send a certified copy of this Order to all counsel of record.

ENTERED: /s/ Norman K. Moon
U.S. District Judge

January 4, 2007
Date